UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARO KOSIN,<br><br>　　　　　　Petitioner<br><br>　　v.<br><br>V. ARAIZA-RAMIREZ, Warden,[1]<br><br>　　　　　　Respondent. | Case No. EDCV 25-0665 AH (SSC)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition (Dkt. 1), Respondent's Answer (Dkt. 13), Petitioner's Reply to the Answer, styled as an "Opposition to Respondent['s] Motion to Dismiss or Deny Petition" (Dkt. 16; "Reply"), the Report and Recommendation of United States Magistrate Judge (Dkt. 14; "Report"), Petitioner's Objections to the Report (Dkt. 19; "Objections"), and the other relevant records on file.

The Court has engaged in a de novo review of those portions of the Report to which Petitioner has objected. Although not required, the Court briefly discusses the

---

[1] V. Araiza-Ramirez is the Warden of the Federal Correctional Institution II, in Victorville, California, where Petitioner is housed. Accordingly, the Warden V. Araiza-Ramirez is substituted as the proper Respondent, and the Clerk of the Court is directed to update the docket caption accordingly. *See* Fed. R. Civ. P. 25(d); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); Dkt. 12 at 1 n.1; Dkt. 14 at 1 n.1.

following points. *See United States v. Ramos*, 65 F.4th 427, 434 (9th Cir. 2023) ("the district court ha[s] no obligation to provide individualized analysis of each objection"); *Wang v. Masaitis*, 416 F.3d 992, 1000 (9th Cir. 2005) (affirming a cursory district court order summarily adopting, without addressing any objections, a magistrate judge's report and recommendation).

Petitioner contends that the Report indicates he did not reply to Respondent's Answer, when he in fact timely did so on June 17, 2025. Dkt. 14 at 2; Dkt. 16; Dkt. 19 at 2.

The Magistrate Judge provided Petitioner until June 18, 2025, to reply to the Answer. Dkt. 12 at 2. Petitioner signed his Reply June 17, 2025, making it timely. Dkt. 16 at 7; *see, e.g., Roberts v. Marshall*, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed). Although the Reply was file-stamped June 23, 2025, it was not docketed until July 7, 2025, *after* the July 3, 2025 Report. Dkts. 14, 16. Accordingly, through no fault of the Magistrate Judge, the Report noted that Petitioner had not filed a reply because it had not yet been docketed. Dkt. 16 at 2.

The Court has considered Petitioner's Reply. *See, e.g., Akhtar v. Mesa*, 698 F.3d 1202, 1208 (9th Cir. 2012); *Andrade v. Frauenheim*, No. 8:18-CV-00959-JAK-JC, 2020 WL 832267, at *1 (C.D. Cal. Feb. 20, 2020) (noting that if a petitioner wished to make further arguments not made in a reply to an answer, those arguments could be made in objections). In the Reply, Petitioner repeats arguments he made in the Petition regarding the futility of exhaustion of administrative remedies. Dkt. 1 at 2-3; Dkt. 16 at 1-2. This provides no basis to disturb the Report because the Magistrate Judge ultimately declined to reach the exhaustion issue and instead turned to the merits. Dkt. 14 at 4. In that regard, Petitioner similarly repeats arguments he made regarding his entitlement to First Step Act credits under the Second Chance Act, Congressional intent, and statutory construction, albeit in

greater detail in the Reply. *See* Dkt. 1 at 3-4; Dkt. 16 at 3-7. Notably, however, he never effectively addresses that the Federal Bureau of Prisons is statutorily prohibited from applying earned credits due to Petitioner's "medium" recidivism-risk score. Dkt. 13 at 3, 7-8; Dkt. 14 at 6-7; Dkt. 16 at 2-3. Indeed, as noted in Report, Petitioner admitted he maintained such a risk score throughout his incarceration. Dkt. 1 at 1; Dkt. 14 at 6.

Because the Reply has now been fully considered and it provides no basis for relief, the Objections are **OVERRULED** except to the extent the Report indicates Petitioner did not reply to the Answer. With this minor correction, the Court accepts the Report and adopts it as its own findings and conclusions.

Finally, as a federal prisoner proceeding under 28 U.S.C. § 2241, Petitioner is not required to obtain a certificate of appealability ("COA") to appeal this case. *See Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008) (holding that the plain language of 28 U.S.C. § 2253(c)(1) does not require federal prisoners bringing § 2241 petitions to obtain a COA in order to appeal, unless the § 2241 petition "is merely a 'disguised' § 2255 petition"); *see e.g., Tomlinson v. Caraway*, No. 14-cv-020094-VBF-KK, 2014 WL 4656432 at *1 (C.D. Cal. Sept. 16, 2014) (adopting report and recommendation and noting that petitioner in federal custody was not required to obtain a COA to appeal denial of his § 2241 petition).

IT IS SO ORDERED.

Dated:  August 21, 2025

ANNE HWANG
United States District Judge